On October 27, 1972, the court issued the following order:
This case comes before the court on defendant’s motion, filed June 9,1972, for judgment on the pleadings with respect to its counterclaim in the amount of $157,432.55, with interest as provided by law, plaintiff’s reply thereto, defendant’s reply to plaintiff’s reply, and plaintiff’s additional answer to defendant’s motion. Plaintiff is petitioning under 50 U.S.C. App. § 1218, as amended, for redetermination of excessive profits for its fiscal year ending September 30, 1967. The Renegotiation Board made a unilateral determination in the amount of $250,000 for said fiscal year, reduced by tax credit of $92,567.45 to the amount of the counterclaim. Plaintiff has not furnished a bond to stay the execution of the Board’s order. [Court of Claims Rule 26.] Plaintiff alleges it is unable to do so because of its financial condition, which it paints in the darkest colors, but it does not allege it is bankrupt or in receivership. In Sandnes’ Sons, Inc. v. United States, ante, 107, 462 F. 2d 1388, we suspended action on a similar motion for judgment on the counterclaim, pending certain inquiries we directed the trial commissioner to make. The purpose was to determine if the judgment in its practical effect would impose an unconstitutional chill on that plaintiff’s right to have its excessive profits redetermined in this court, de novo. In that case, the fact the plaintiff was in bankruptcy gave some assurance that the situation would remain stable while the inquiries were made. Here, the plaintiff’s own fact statements show that a suspension for similar inquiries would be improper. Defendant fears the further dissipation of assets. There being no bankruptcy or receivership, no guarantee or assurance of any kind is offered that the situation respecting the possibility of defendant’s collecting on the determination below will not change drastically for the worse at any time. Plaintiff may at any time lose control over its chose in action here. As we stated in Bandnes’ the statutory scheme plainly visualizes that a con *1015 tractor petitioning in this court for redetermination of excessive profits can obtain a stay of enforcement of the determination below only by furnishing a bond. If ever we must read exceptions into the statute, on constitutional grounds, it is only in unusual circumstances, not here present, of whose existence we would have to be fully satisfied. Accordingly,
it is ordered that defendant’s said motion for judgment on the pleadings be and the same is granted and judgment is entered for defendant on the counterclaim in the amount of one hundred fifty-seven thousand four hundred thirty-two dollars and fifty-five cents ($157,432.55), with interest as provided by law. 50 U.S.C. App. § 1215 (b) (2).
BY THE COURT
(Sgd.) Oscar H. Davis Acting for the Chief Judge
On January 18,1973 the court denied plaintiff’s motion for rehearing.