Renegotiation of contracts; redeterm/mation of excessive profits; judgment in aid of execution; parties afiected. — On August 5,1974 the court issued the following order:
Before CoweN, Chief Judge, Nici-iols and Kashiwa, Judges.
“This case is before the court for redetermination of the excessive profits of a defense contractor, pursuant to 50 U.S.C. App. § 1218, as amended. The defendant has counterclaimed and moves for judgment on its counterclaim. The plaintiff has not paid the Board orders for either of the fiscal years involved, nor has it filed a bond to stay the orders. The net amount due after tax credits is three hundred twenty-two thousand three hundred eighty-seven dollars and thirty-two *827 cents ($822,387.32), witli interest as provided by law. The defendant is entitled to a ‘judgment in aid of execution’ in the above amount, to run against the party named in the Board orders, i.e., Stylecraft Clothes Inc. (In liquidation). This is a New Jersey corporation and by New Jersey law it can still sue and be sued in its own name. N.J.S. 16 A. 12-9(2) (e). Plaintiff says it cannot be bonded and seeks to raise the constitutional issue we considered in Sandnes Sons’ Inc. v. United States, 199 Ct. Cl. 107, 462 F. 2d 1388 (1972). But such issue does not rise in every case and does not rise here. See, O'Brien Gear & Machine Co. v. United States, 199 Ct. Cl. 1014 (1972). Any ‘chilling’ effect does not chill Mr. Giacobbe personally since the judgment does not run against him.
“Defendant would have the judgment run against Mr. Gia-cobbe, but we hold that a suit in an ‘appropriate court’, which we are in the instance of defendant’s counterclaim, can be maintained only against the parties enumerated in 50 U.S.C. App. § 1215(b) (3), which authorizes the suit. These do not include transferees, the category to which defendant apparently believes Mr. Giacobbe belongs. It includes only (A) ‘the contractor or subcontractor’, and (B) persons directed to withhold ‘for the account of the United States.’ If, as is not yet established, sufficient funds were not set aside for the renegotiation refund in the liquidation of Stylecraft Clothes Inc., our decision will be without prejudice to whatever remedy defendant may have in the bankruptcy courts, or in the state courts, or otherwise.
“Accordingly, upon consideration of defendant’s motion for judgment, and plaintiff’s motion to dismiss the same, and the briefs and representations of the parties, it is hereby
“ordered, that defendant’s motion for judgment is allowed so far as it concerns Stylecraft Clothes Inc. (In liquidation), and denied so far as it concerns the plaintiff Giacobbe. Plaintiff’s motion is denied. Judgment is entered for defendant against Stylecraft Clothes Inc. (In liquidation), in the amount of three hundred twenty-two thousand three hundred eighty-seven dollars and thirty-two cents ($322,387.32), with interest as provided by law. 50 U.S.C. App. § 1215(b) (2).”